UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 19-1718-MWF (KKx)          Date:  October 28, 2019
Title:      Matthew Anderson v. Assemblers, Inc. et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

Proceedings (In Chambers):     ORDER GRANTING MOTION TO REMAND [9]

Before the Court is Plaintiff Matthew Anderson's Motion to Remand (the "Motion"), filed on September 22, 2019.  (Docket No. 9).  Defendants Assemblers, Inc. ("Assemblers") and Brian Finn filed an Opposition on September 30, 2019.  (Docket No. 11).  Plaintiff filed his Reply on October 4, 2019.  (Docket No. 12).

The Court reviewed and considered the papers submitted on the Motion and held a hearing on October 21, 2019.

For the reasons discussed below, the Motion is **GRANTED**.  Defendants have not established that Finn was fraudulently joined, "fraudulently" being used here with its technical jurisdictional meaning.  Because Plaintiff is a California resident and Defendant Finn is a California resident, this Court lacks diversity jurisdiction and the action must be remanded.

Because the Court concludes that complete diversity does not exist, the Court does not address Plaintiff's argument that Defendants' Notice of Removal is untimely.

I.      **BACKGROUND**

On August 5, 2019, Plaintiff commenced this action in the Riverside County Superior Court.  (*See* Notice of Removal ("NoR") (Docket No. 1), Ex. A (Docket No. 1-3)).  On September 9, 2019, Defendants removed the action to this Court.  (*See*

**Case No.  ED CV 19-1718-MWF (KKx)**          **Date:  October 28, 2019**
**Title:      Matthew Anderson v. Assemblers, Inc. et al.**

NoR).  On September 30, 2019, Plaintiff filed a First Amended Complaint ("FAC").  (Docket No. 10).

Plaintiff is an individual who resides in California.  (FAC ¶ 1).  Defendant Assemblers is incorporated in Tennessee with its principal place of business and headquarters located in Tennessee.  (NoR ¶ 7; Declaration of Tina Belau ("Belau Decl.") ¶ 4 (Docket No. 1-1); FAC ¶ 2).  Defendant Finn is a citizen of California.  (Belau Decl. ¶ 7; FAC ¶ 3).

The FAC alleges as follows:

Plaintiff applied for a position at Assemblers in Temecula, California.  (FAC ¶ 8).  Plaintiff was qualified for the position for which he applied.  (*Id.* ¶ 10).  On or about June 12, 2019, Plaintiff had a telephone interview for the position with Defendant Finn that lasted approximately 35 minutes.  (*Id.* ¶ 11).  Plaintiff asserts that "Defendants subjected [him] to harassment based on his age and marital/family status by among other things, asking him how old he was and whether he was married or had a family."  (*Id.*).

Prior to learning Plaintiff's age and marital status, Finn stated that Plaintiff was his choice for the position and that he was looking for someone like Plaintiff to help him run the West Coast region because he had been doing it alone since his last area manager that covered the area was let go.  (*Id.* ¶ 13).  Further, prior to learning Plaintiff's age and marital status, Finn stated that Plaintiff was his choice to help him run the West Coast because he was really impressed by Plaintiff's work history, knowledge, ability, and the way he came across as a professional on the phone and that Plaintiff knew what he was talking about.  (*Id.* ¶ 14).

Finn then stated that he was dying to ask Plaintiff something, which was "How old are you?"  (*Id.* ¶ 16).  Plaintiff responded that he was 50.  (*Id.*).  According to Plaintiff, Finn then stated that the reason he wanted to know Plaintiff's age was because he was looking for someone like him since he was only 23 years old and dedicated.  (*Id.* ¶ 18).  Finn then asked Plaintiff if he was married or had a family.  (*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 19-1718-MWF (KKx)          Date:  October 28, 2019
Title:     Matthew Anderson v. Assemblers, Inc. et al.

¶ 20).  Plaintiff responded that he was divorced but had full time custody of his daughter.  (*Id.*).  Finn stated that he was not married and did not have children and that his home life and situation allowed him to give his undivided attention to the company and allowed him to excel.  (*Id.* ¶ 22).  Finn asked whether taking care of his daughter would prevent Plaintiff from being able to perform the job.  (*Id.* ¶ 24).  Plaintiff further stated that his last manager was always home doing stuff, so they had to let him go.  (*Id.*).

Finn then stated that he and a man named Scott would call him the next day for the second interview at 12:30pm.  (*Id.* ¶ 26).  To date, Plaintiff has not heard back from Defendants regarding the position.  (*Id.* ¶27).

Plaintiff asserts six claims for relief under the Fair Employment and Housing Act ("FEHA"): (1) discrimination, (2) failure to prevent discrimination, (3) harassment, (4) failure to prevent harassment, (5) retaliation, and (6) failure to prevent retaliation (*Id.* ¶¶ 40-70).  Plaintiff asserts all six claims against Defendant Assemblers, and asserts only the third claim for harassment against Defendant Finn.  (*Id.*).

On September 9, 2019, Defendants removed the action, invoking the Court's diversity jurisdiction and asserting that Brian Finn was fraudulently joined.  (*See* NoR ¶¶ 2-27).

## II.    **DISCUSSION**

Plaintiff argues that the action should be remanded because (1) Defendants failed to show that Finn is a sham Defendant; and (2) Defendants' removal was not timely.  (Mot. at 5-9).  In the Reply, Plaintiff also asserts for the first time that "it is unclear if Defendants have . . . met their preponderance of the evidence burden to prove that the amount in controversy exceeds $75,000."  (Reply at 7).

The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mort. Co.,* 340 F.3d 858, 861 (9th Cir. 2003).   Federal question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 19-1718-MWF (KKx)          Date:  October 28, 2019
Title:       Matthew Anderson v. Assemblers, Inc. et al.

jurisdiction is not asserted.  The issues, then, are whether there is complete diversity and whether the amount in controversy has been met.

"Because plaintiff's motion to remand challenges the basis of the court's subject matter jurisdiction, the court may consider extrinsic evidence." *Prime Healthcare Servs. – Shasta, LLC v. Sierra Pacific Indus.*, No. 15-CV-2007-CMK, 2016 WL 740529, at *2 (E.D. Cal. Feb. 25, 2016) (citing *McCarthy v. U.S.*, 850 F.2d 558 (9th Cir. 1988)).  While, in the context of a motion to remand due to lack of diversity jurisdiction, it is "well established that courts may pierce the pleadings . . . and examine evidence," it is "also well established that courts ought to construe facts in favor of the plaintiff where there is disputed evidence." *Reynolds v. The Boeing Co.*, No. 15-CV-2846-SVW (ASx), 2015 WL 4573009, at *3 (C.D. Cal. Jul. 28, 2015) (internal quotation marks and citations omitted).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citation omitted).

The issue here is whether Brian Finn is a sham defendant.  If so, then complete diversity does exist and this action should stay in this Court.

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1042 (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds*, 2015 WL 4573009, at *2 ("To prove fraudulent joinder, the removing defendant must show that **settled** law **obviously** precludes the liability against the nondiverse defendant.") (emphasis added).  "[I]f

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. ED CV 19-1718-MWF (KKx)        Date: October 28, 2019
Title:     Matthew Anderson v. Assemblers, Inc. et al.

there is a ***possibility*** that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (emphasis in original) (internal citation and quotation marks omitted).

Because a defendant faces a heavy burden in establishing that remand is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)). "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Here, Plaintiff argues that Finn is not a sham defendant because he did not believe Finn was a California citizen when he filed the Complaint. (Mot. at 7). Plaintiff further argues that the fraudulent joinder rule does not apply where there is no reasonable possibility of recovery against either the in-state or nonresident defendants. (*Id.* at 5). In such a case, Plaintiff argues that the action does not have a fraudulent joinder problem, but rather "is only a lawsuit lacking in merit." (*Id.*).

In response, Defendants argue that Plaintiff's belief as to Finn's citizenship is irrelevant. (Opp. at 8). Instead, Defendants argue that the relevant question is whether Plaintiff can allege sufficient facts to demonstrate a harassment claim against Finn. (*Id.* at 8-10). According to Defendants, Plaintiff does not and cannot do so because Finn's alleged conduct is not sufficiently severe or pervasive. (*Id.* at 9-11). Defendants argue that asking two questions about Plaintiff's age and family status on a

**Case No.  ED CV 19-1718-MWF (KKx)**          **Date:  October 28, 2019**
Title:      Matthew Anderson v. Assemblers, Inc. et al.

telephonic interview does not rise to the level of harassment as required by law.  (*Id.* at 10).

At the hearing, Defendants reiterated this argument.  They argue that Plaintiff cannot establish that Finn's conduct was "pervasive" because Plaintiff cannot show that he engaged in a concerted pattern of harassment of a repeated, routine, or generalized nature based on one phone call.  *See Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 131, 87 Cal. Rptr. 2d 132 (1999).  They further argue that Plaintiff cannot establish that Fin's conduct was "severe" because Plaintiff has not alleged that Finn made any physically threatening comments on the call.  Moreover, they pointed out that Plaintiff already amended his Complaint after Defendant brought a Motion to Dismiss and still failed to allege sufficient facts to establish a harassment claim against Finn.

Defendants' arguments might prevail in the context of a motion to dismiss.  However, they do not suffice to support removal on the basis of fraudulent joinder.  In reaching this decision, the Court finds *Amper v. Ashley Furniture Industries, Inc.*, to be persuasive.  No. CV 15-8274-JFW (JPRx), 2015 WL 8783538, at *3 (C.D. Cal. Dec. 15, 2015).  There, the defendants similarly argued that an individual defendant was a sham defendant because, among other reasons, the individual's "alleged conduct [was] not sufficiently severe or pervasive."  *Id.*  The district court rejected this argument because "[e]ven if Plaintiff's complaint does not currently allege sufficient facts to plead a viable harassment claim against [the individual defendant,] Defendants have failed to show that Plaintiff will be unable to amend her complaint to add additional allegations of harassment."  *Id.*; *see also Suarez v. Am. Airlines, Inc.*, No. CV 09-03392CAS (AJWx), 2009 WL 1657444, at *4 (C.D. Cal. June 10, 2009) ("[The defendant] may or may not be correct that plaintiff's current allegations are insufficient to state a claim for harassment under FEHA against [the allegedly sham defendant]; however, [the defendant] has not shown that there is 'absolutely no possibility' that plaintiff can establish a cause of action against [the individual defendant] in state court.").  In other words, the standard essentially is whether virtually all Superior Court judges would sustain a demurrer without leave to amend.

**Case No.** **ED CV 19-1718-MWF (KKx)**          **Date:  October 28, 2019**
Title:      Matthew Anderson v. Assemblers, Inc. et al.

---

Based on this record, the Court cannot conclude that there is "absolutely no possibility" that Plaintiff can establish that Finn's conduct was not sufficiently severe. While Defendants emphasize that Finn only asked two questions, Plaintiff alleges that Finn made additional comments on the phone, which were allegedly harassing. Defendants also have failed to show that Plaintiff will be unable to amend his complaint to add additional allegations of harassment based on the call.

Therefore, the Court concludes that Defendants have not met their heavy burden of demonstrating, under the settled California law, that Finn has been fraudulently joined.  Accordingly, the Court cannot disregard Finn's citizenship, and thus, this Court lacks subject matter jurisdiction over this action.

For the reasons stated above, the Motion is **GRANTED**.  The Court **REMANDS** this action to the Riverside County Superior Court.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained or overruled in Superior Court.

**IT IS SO ORDERED.**